# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VERNON FRANKLIN,** | **CASE NO. 1:18-CV-0824 AWI SKO** |
| **Plaintiff** | **ORDER RE: MOTION TO DISMISS** |
| v. | |
| **CITY OF KINGSBURG; TIM RAY; and DOES 1 through 20 inclusive** | |
| **Defendants** | |

## I. Background

Plaintiff Vernon Franklin was a firefighter/EMT with the Kingsburg City Fire Department between 2006 and 2017. Franklin was the first and only African American member of the Fire Department. Tim Ray was the Fire Chief at the time. Defendants are Chief Ray and the City of Kingsburg.

In 2014, Franklin got into an altercation with a white co-worker. Franklin was written up while the co-worker was not. At an unspecified time in the past, Franklin had also been written up for unsafe driving and put on six-month paid leave while the incident was investigated. Franklin was responsible in part for maintaining self-contained breathing apparatus ("SCBA") equipment used by the Fire Department. In September 2015, Franklin asked Chief Ray if he could take a course on SCBA maintenance he thought was necessary for ensuring their safe use. Chief Ray denied the request. Franklin then e-mailed his request to Chief Ray, City Manager Alex Henderson, and the City of Kingsburg Safety Council. Franklin's supervisor, Captain Bob McGee, told Franklin in October that Chief Ray and the City Manager were upset with his e-mail and that he would consequently be punished. With reference to his prior write ups, Franklin was

given two 48-hour shift suspensions and required to comply with a Performance Improvement Plan ("PIP").

Franklin then filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). After mediation, Franklin and the Fire Department came to a formal settlement agreement. Franklin agreed to comply with two 6-month PIPs in return for pay withheld due to his suspension and a release of all prior other claims up to that point. In October 2016, Franklin and Chief Ray argued about Franklin's PIP.

In early 2017, Franklin's EMT accreditation with the Central California Emergency Medical Services Agency lapsed. Paramedics with the Fire Department are required to maintain that accreditation. Franklin corrected the problem; he was without accreditation for two weeks. The Fire Department then started proceedings to end Franklin's employment. He was formally dismissed on May 12, 2017. Franklin challenged his dismissal through a civil service administrative process. Though the administrative law judge found in favor of Franklin, recommending that he not be fired, the Kingsburg City Council (who had the last word) rejected that conclusion and affirmed Franklin's dismissal. Additionally, Franklin filed a new EEOC complaint in August 2017; Franklin thereafter received a right to sue letter.

Franklin filed suit against Defendants City of Kingsburg and Chief Ray on eight causes of action: 1) discrimination in violation of California's Fair Employment and Housing Act ("FEHA"), 2) harassment in violation of FEHA, 3) retaliation in violation of FEHA, 4) failure to provide a harassment/retaliation/discrimination free work environment in violation of FEHA, 5) discrimination in violation of 42 U.S.C. § 2000e ("Title VII"), 6) retaliation in violation of Title VII, 7) violation of 42 U.S.C. § 1981, and 8) violation of 42 U.S.C. § 1983. Doc. 1, Complaint. Defendants filed a motion to dismiss all eight causes of action. Doc. 6. The motion was granted in part and denied in part; causes of action one, two, and five were dismissed for lack of administrative exhaustion. Doc. 18.

The parties stipulated to the filing of an amended complaint and the stipulation was approved. Docs. 20 and 21. The First Amended Complaint lists ten causes of action: 1) discrimination in violation of California's Fair Employment and Housing Act ("FEHA"), 2)

2

harassment in violation of FEHA, 3) retaliation in violation of FEHA, 4) failure to provide a harassment/retaliation/discrimination free work environment in violation of FEHA, 5) discrimination in violation of 42 U.S.C. § 2000e ("Title VII"), 6) retaliation in violation of Title VII, 7) violation of 42 U.S.C. § 1981, 8) violation of 42 U.S.C. § 1983, 9) retaliation for disclosing information to government or law enforcement in violation of Cal. Lab. Code § 1102.5, and 10) invasion of privacy. Doc. 22.  Defendants filed a second motion to dismiss. Doc. 24.  Franklin clarified that the first, second, and fifth causes of action were included in error as their inclusion was not consistent with the ruling on the prior motion to dismiss and agreed to their dismissal. Doc. 26, 1:2-3.

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. Rule Civ. Proc. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011); Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008).  In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Faulkner v. ADT Sec. Servs., 706 F.3d 1017, 1019 (9th Cir. 2013).  However, complaints that offer no more than "labels and conclusions" or "a formulaic recitation of the elements of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Wilson v. Hewlett-Packard Co., 668 F.3d 1136, 1145 n. 4 (9th Cir. 2012); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  To avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more

3

than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).  The Ninth Circuit has distilled the following principles from Iqbal and Twombly: (1) to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively; (2) the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation. Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).  In assessing a motion to dismiss, courts may consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice. Dichter-Mad Family Partners. LLP v. United States, 709 F.3d 749, 761 (9th Cir. 2013).  If a motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made." Henry A. v. Willden, 678 F.3d 991, 1005 (9th Cir. 2012).  However, leave to amend need not be granted if amendment would be futile or if the plaintiff has failed to cure deficiencies despite repeated opportunities. Mueller v. Aulker, 700 F.3d 1180, 1191 (9th Cir. 2012); Telesaurus VPC. LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010).

### III. Discussion

After his dismissal by the Fire Department, Franklin first challenged that decision through an administrative process which was governed by Cal. Gov. Code § 11517(c).  The case was first head by an administrative law judge, who found in his favor.  The Kingsburg City Council then rejected that finding, ordering Franklin's ultimate dismissal.  Franklin then had the option of seeking reconsideration (Cal Gov. Code § 11521) or judicial review (Cal. Gov. Code § 11523). The means of seeking judicial review is a writ of mandate: "A party must exhaust judicial remedies by filing a [Cal. Civ. Proc. Code] § 1094.5 petition, the exclusive and established process for judicial review of an agency decision." Doe v. Regents of the Univ. of Cal., 891 F.3d 1147, 1155 (9th Cir. 2018), quotations omitted.  Franklin did not seek reconsideration or file a Section 1094.5 petition for mandate.  Instead, Franklin filed the present suit in Fresno County

Superior Court which alleged state and federal causes of action but did not request a writ under Section 1094.5.

Defendants argue "the Younger abstention doctrine applies here and mandates a dismissal of the FAC." Doc. 24-1, 3:2-3.  A federal court should generally "abstain from granting injunctive relief that would interfere with pending state judicial proceedings." Martinez v. Newport Beach City, 125 F.3d 777, 781 (9th 1997), citing Younger v. Harris, 401 U.S. 37, 40-41 (1971). "Abstention is appropriate in favor of state proceedings if (1) the state proceedings are ongoing, (2) the proceedings involve important state interests, and (3) the state proceedings provide the plaintiff an adequate opportunity to litigate federal constitutional questions." Aiona v. Judiciary of State of Hawaii, 17 F.3d 1244, 1248 (9th Cir. 1994). To these three elements, the Ninth Circuit found a fourth was implied: "(4) the federal court action would 'enjoin the [state] proceeding or have the practical effect of doing so.'" Portrero Hills Lanfill, Inc., 657 F.3d 876, 882 (9th Cir. 2011), quoting AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1148–49 (9th Cir. 2007).

One wrinkle is that Franklin is seeking money damages rather than injunctive relief. See Doc. 22.  Younger abstention classically applies when a plaintiff is seeking injunctive relief.  The Ninth Circuit has clarified the procedure when dealing with claims for damages:

> May Younger abstention apply in an action for damages pursuant to 42 U.S.C. § 1983 that relates to a pending state proceeding, and if so, should the action be dismissed or stayed?
> ….
> We conclude that Younger principles apply to actions at law as well as for injunctive or declaratory relief because a determination that the federal plaintiff's constitutional rights have been violated would have the same practical effect as a declaration or injunction on pending state proceedings. However, federal courts should not dismiss actions where damages are at issue; rather, damages actions should be stayed until the state proceedings are completed.

Gilbertson v. Albright, 381 F.3d 965, 968 (9th Cir. 2004), en banc.  Given that Franklin is seeking money damages, the appropriate Younger procedure would be to stay the case pending final resolution of state proceedings rather than dismissal of the suit.

First, Franklin argues that "In the present case, there is no proceeding pending." Doc. 26, 19:15-16.  Whether a partially completed administrative process can be deemed to be pending is an issue that has not been decided by the courts.

5

> For Younger purposes, the State's trial-and-appeals process is treated as a unitary system, and for a federal court to disrupt its integrity by intervening in mid-process would demonstrate a lack of respect for the State as sovereign. For the same reason, a party may not procure federal intervention by terminating the state judicial process prematurely—forgoing the state appeal to attack the trial court's judgment in federal court….Respondents urge that these principles apply equally where the initial adjudicatory tribunal is an agency—i.e., that the litigation, from agency through courts, is to be viewed as a unitary process that should not be disrupted, so that federal intervention is no more permitted at the conclusion of the administrative stage than during it. We will assume, without deciding, that this is correct.

New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 369 (1989). Review of agency decisions through a writ of mandate falls under this category: "Under California law, an aggrieved party may challenge a final administrative action in state court by petitioning for a writ of mandate. Cal. Civ. Proc. Code § 1094.5. If a state administrative proceeding is final, and state-court judicial review is available but has not been invoked, is the state proceeding nevertheless 'ongoing' for purposes of Younger abstention? In other words, must federal courts view the administrative proceeding and the possibility for state-court review as one unitary proceeding? The Supreme Court has stated that this is an open question." San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1093 (9th Cir. 2008).  Franklin points out that a recent court has recognized this longstanding unresolved point of law and cited to precedent which states, "Given the uncertainty surrounding this open question of law, this Court declines to hold that a state proceeding is ongoing in the instant case." Prime Healthcare Servs. v. Harris, 2017 U.S. Dist. LEXIS 130853, *65 (S.D. Cal. Aug. 16, 2017) (dicta as the court found that the state proceeding did not implicate an important state interest). Defendants point out that some Ninth Circuit case law suggests the contrary conclusion: "Seven circuits have addressed this question. Four have held that the administrative proceeding and the possibility for state court review are to be viewed as one unitary proceeding, and three have held the opposite…. Although we briefly joined the majority rule in 1993, that opinion was withdrawn, and we have not addressed the question since then. See Nev. Entm't Indus., Inc. v. City of Henderson, 8 F.3d 1348 (9th Cir. 1993) (per curiam) (joining majority rule), withdrawn by 21 F.3d 895 (9th Cir.), on reh'g 26 F.3d 131 (9th Cir. 1994) (unpublished disposition) (holding that the Younger abstention question was moot)." San Jose Silicon Valley Chamber of Commerce

Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1094 (9th Cir. 2008), citations omitted.  On balance, the argument in favor of finding that an administrative proceeding should be treated like a judicial proceeding on this point are more convincing.  As the Seventh Circuit stated, the distinction "that the proceedings here are administrative, not judicial [is] a distinction without a difference." Majors v. Engelbrecht, 149 F.3d 709, 713 (7th Cir. 1998).  Younger abstention can apply to administrative proceedings just as it can apply to judicial proceedings.  The same rule for determining when the proceedings are ongoing is logical.

      Second, Franklin argues "Defendant has not suggested that there is a state proceeding implicating the State's interest." Doc. 26, 19:16-17.  This is a case concerning discipline of a governmental employee who, in part, is alleging that he was punished for communicating public safety concerns he had to the City Manager and Safety Council.  In an analogous case, Washington state employees took part in political television advertisements; they brought suit to stop employee disciplinary proceedings brought by a state agency. Samples v. Wash. State Exec. Ethics Bd., 2012 U.S. Dist. LEXIS 153669, *2-3 (W.D. Wash. Oct. 25, 2012).  In examining the second prong of Younger, the court found "the 'important state interest' requirement is easily satisfied. It is uncontested that the Board is acting in an enforcement posture regulating the ethical standards of state employees." Samples v. Wash. State Exec. Ethics Bd., 2012 U.S. Dist. LEXIS 153669, *6 (W.D. Wash. Oct. 25, 2012).  Discipline of state employees through a formal administrative process qualifies as an important state interest. See also Dowden v. City of Sacramento, 40 F. Supp. 2d 1146, 1149 (E.D. Cal. 1999) ("California has a strong interest in both the conduct of its peace officers and the disciplinary scheme it has established to address officer misconduct").

      Third, Franklin argues he "was barred and would have been barred from pursuing his constitutional claims in the writ proceeding because they were not part of the ALJ process. To the contrary, the ALJ did not permit those issues to be raised because he was focused on the issue of whether the claim against Franklin was established, and, if so, whether the punishment fit the crime, i.e., whether Franklin had failed to obtain his credential and if that failure was really a violation of his employment duties. These issues did not involve racism or free speech issues, and

therefore neither would the mandamus action have involved them." Doc. 26, 20:8-14.  The Ninth Circuit has definitively stated that even when the governmental agency "did not consider, and likely could not have considered, federal constitutional questions…that observation does not resolve the inquiry. Under California law, Plaintiffs can petition for a writ of mandate to challenge the administrative action in state court, Cal. Civ. Proc. Code § 1094.5. That procedure suffices for purposes of Younger abstention." San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1095 (9th Cir. 2008), citing Kenneally v. Lungren, 967 F.2d 329, 332-33 (9th Cir. 1992).  A party opposing abstention "has the burden of showing that state procedural law barred presentation of its claims." Commc'ns Telesystems Int'l v. Cal. Pub. Util., 196 F.3d 1011, 1020 (9th Cir. 1999), citations and quotations omitted.  Franklin has not met that burden.

Fourth, Franklin argues "the pending federal action would not have the effect of enjoining the mandamus action." Doc. 26, 20:15-16.  In this case, there is no direct request for declaratory or injunctive relief.  His sixth cause of action is for retaliation in violation of Title VII.  As determined in the last motion to dismiss order, this claim is based on the following allegations: Franklin filed multiple claims with the EEOC and Defendants dismissed him in retaliation. Doc. 18, 8:4-15.  If Franklin were to prevail on this claim, he would establish that he was wrongfully dismissed "which would create a federal court judgment with preclusive effect over the ongoing state action." Herrera v. City of Palmdale, 918 F.3d 1037, 1048 (9th Cir. 2019), citing Gilbertson v. Albright, 381 F.3d 965, 978 (9th Cir. 2004), en banc.  This would have the practical effect of directly undermining the decision of the Kingsburg City Council to dismiss Franklin for failure to maintain accreditation.

**IV. Order**

Defendants' motion to dismiss is GRANTED in part and DENIED in part.  The first, second, and fifth causes of action are dismissed.  The remainder of the motion to dismiss is denied without prejudice for refiling after the end of the stay.

This case is STAYED pursuant to the Younger abstention doctrine.  The parties are

directed to file a status update every one hundred eighty (180) days.

IT IS SO ORDERED.

Dated: May 29, 2020

                                        SENIOR DISTRICT JUDGE