# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VERNON FRANKLIN,** | **CASE NO. 1:18-CV-0824 AWI SKO** |
| **Plaintiff** | **ORDER RE: MOTION FOR LEAVE TO AMEND** |
| v. | |
| **CITY OF KINGSBURG; TIM RAY; and DOES 1 through 20 inclusive** | **(Doc. 37)** |
| **Defendants** | |

## I. Background

Plaintiff Vernon Franklin was a firefighter/EMT with the Kingsburg City Fire Department between 2006 and 2017. Franklin was the first and only African American member of the Fire Department. Tim Ray was the Fire Chief at the time. Defendants are Chief Ray and the City of Kingsburg.

In 2014, Franklin got into an altercation with a white co-worker. Franklin was written up while the co-worker was not. At an unspecified time in the past, Franklin had also been written up for unsafe driving and put on six-month paid leave while the incident was investigated. Franklin was responsible in part for maintaining self-contained breathing apparatus ("SCBA") equipment used by the Fire Department. In September 2015, Franklin asked Chief Ray if he could take a course on SCBA maintenance he thought was necessary for ensuring their safe use. Chief Ray denied the request. Franklin then e-mailed his request to Chief Ray, City Manager Alex Henderson, and the City of Kingsburg Safety Council. Franklin's supervisor, Captain Bob McGee, told Franklin in October that Chief Ray and the City Manager were upset with his e-mail

and that he would consequently be punished. With reference to his prior write ups, Franklin was given two 48-hour shift suspension and required to comply with a Performance Improvement Plan ("PIP").

Franklin then filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). After mediation, Franklin and the Fire Department came to a formal settlement agreement ("Settlement Agreement"). Franklin agreed to comply with two 6-month PIPs in return for pay withheld due to his suspension and a release of all prior other claims up to that point. In October 2016, Franklin and Chief Ray argued about Franklin's PIP.

In early 2017, Franklin's EMT accreditation with the Central California Emergency Medical Services Agency lapsed. Paramedics with the Fire Department are required to maintain that accreditation. Franklin corrected the problem; he was without accreditation for two weeks. Fire Department then started proceedings to end Franklin's employment. He was formally dismissed on May 12, 2017. Franklin challenged his dismissal through a civil service administrative process. Though the administrative law judge found in favor of Franklin, recommending that he not be fired, the Kingsburg City Council (who had the last word) rejected that conclusion and affirmed Franklin's dismissal in March 2018. Franklin did not challenge the dismissal by filing a writ seeking judicial review before the Superior Courts of California under Cal. Code Civ. Proc. § 1094.5.

Franklin filed a new EEOC complaint in August 2017; Franklin thereafter received a right to sue letter. Franklin filed suit against Defendants City of Kingsburg and Chief Ray on eight causes of action: 1) discrimination in violation of California's Fair Employment and Housing Act ("FEHA"), 2) harassment in violation of FEHA, 3) retaliation in violation of FEHA, 4) failure to provide a harassment/retaliation/discrimination free work environment in violation of FEHA, 5) discrimination in violation of 42 U.S.C. § 2000e ("Title VII"), 6) retaliation in violation of Title VII, 7) violation of 42 U.S.C. § 1981, and 8) violation of 42 U.S.C. § 1983. Doc. 1, Complaint. Franklin has clarified that he is only suing Chief Ray based on the eighth cause of action. Doc. 7, 5:11-12. Defendants made a motion to dismiss all eight causes of action. Doc. 6. Defendants filed a motion to dismiss all eight causes of action. Doc. 6. The motion was granted in part and denied

in part; causes of action one, two, and five were dismissed for lack of administrative exhaustion. Doc. 18.

The parties stipulated to the filing of an amended complaint and the stipulation was approved. Docs. 20 and 21. The First Amended Complaint lists ten causes of action: 1) discrimination in violation of California's Fair Employment and Housing Act ("FEHA"), 2) harassment in violation of FEHA, 3) retaliation in violation of FEHA, 4) failure to provide a harassment/retaliation/discrimination free work environment in violation of FEHA, 5) discrimination in violation of 42 U.S.C. § 2000e ("Title VII"), 6) retaliation in violation of Title VII, 7) violation of 42 U.S.C. § 1981, 8) violation of 42 U.S.C. § 1983, 9) retaliation for disclosing information to government or law enforcement in violation of Cal. Lab. Code § 1102.5, and 10) invasion of privacy. Doc. 22.

Defendants filed a second motion to dismiss. Doc. 24. Franklin clarified that the first, second, and fifth causes of action were included in error as their inclusion was not consistent with the ruling on the prior motion to dismiss and agreed to their dismissal. Doc. 26, 1:2-3. Franklin opposed the motion. Doc. 26. The second motion to dismiss was granted in part to stay the case pending final resolution of the state administrative procedure under the <u>Younger</u> abstention doctrine. Doc. 32.

Now, Franklin has filed a motion for leave to file a second amended complaint. Doc. 37. Defendants oppose the motion. Doc. 38. Since this case is currently stayed, this court interprets the motion as a request to lift the stay as well.

**II. Discussion**

After his dismissal by the Fire Department, Franklin first challenged that decision through an administrative process which was governed by Cal. Gov. Code § 11517(c). The case was first heard by an administrative law judge, who found in his favor. The Kingsburg City Council then rejected that finding, ordering Franklin's ultimate dismissal. Franklin then had the option of seeking reconsideration (Cal Gov. Code § 11521) or judicial review in the Superior Court of California (Cal. Gov. Code § 11523). The means of seeking judicial review is a writ of mandate:

3

1  "A party must exhaust judicial remedies by filing a [Cal. Civ. Proc. Code] § 1094.5 petition, the

2  exclusive and established process for judicial review of an agency decision." <u>Doe v. Regents of

3  the Univ. of Cal.</u>, 891 F.3d 1147, 1155 (9th Cir. 2018), quotations omitted.  Franklin did not seek

4  reconsideration or file a Section 1094.5 petition for mandate.  Instead, Franklin filed the present

5  suit in Fresno County Superior Court which alleged state and federal causes of action but did not

6  request a writ under Section 1094.5.  That left the status of the administrative process possibly

7  open.

8       In the prior motion to dismiss, Defendants sought to apply <u>Younger</u> abstention and this

9  court agreed.  The case was stayed while the parties completed the administrative process.  Instead

10 of filing a writ with the Fresno County Superior Court, Franklin filed a status report and this

11 present motion, stating for the first time that he can no longer file the appropriate writ because the

12 statute of limitations for such a filing has run under Cal. Code Civ. Proc 1094.6. Doc. 37-1, 3:24-

13 5:28.  Thus, Franklin acknowledges the administrative process has ended and the Kingsburg City

14 Council's decision is final.  Given that the administrative process is closed, <u>Younger</u> abstention

15 does not apply.  The stay is lifted.

16      Franklin also seeks to file a second amended complaint that adds three paragraphs to

17 clarify the fact that he did not file a writ with the Fresno County Superior Court. Doc. 37-2, 8:26-

18 9:26.  However, the proposed complaint also appears to revive the first, second, and fifth causes of

19 action which have already been dismissed for failure to comply with EEOC/DFEH administrative

20 exhaustion. See Doc. 18.  Franklin has not explained how he is trying to replead these causes of

21 action.  His motion to seek leave to amend is denied.

22      As part of the briefing on this motion, Defendants request dismissal of the entire action,

23 largely relying on briefing from the prior motion to dismiss. Doc. 38.  In that earlier briefing,

24 Defendants sought dismissal because "THE ENTIRE COMPLAINT IS BARRED IN LIGHT OF

25 PLAINTIFF'S FAILURE TO EXHAUST JUDICIAL REMEDIES." Doc. 24-1, 12:8-9.

26 Specifically, Defendants stated that "Plaintiff failed to petition the Superior Court for a writ of

27 mandamus, and thus did not exhaust his judicial remedies. That precludes this Court from

28 deciding upon the legitimacy of the termination decision." Doc. 24-1, 12:22-24.  This appears to

4

1 be a slightly different argument than one based on preclusion/res judicata which does not give
2 weight to the administrative decision unless certain conditions are met. As discussed in a prior
3 motion to dismiss order in this case, preclusion "extend[s] to state administrative adjudications of
4 legal as well as factual issues, even if unreviewed, so long as the state proceeding satisfies the
5 requirements of fairness outlined in Utah Construction." Guild Wineries & Distilleries v.
6 Whitehall Co., 853 F.2d 755, 758 (9th Cir. 1988). To be clear, if the Utah Construction standard
7 is not met, an administrative decision that is not judicially exhausted will not be given preclusive
8 effect. See Eilrich v. Remas, 839 F.2d 630, 633 (9th Cir. 1988). "The fairness requirements of
9 Utah Construction are: (1) that the administrative agency act in a judicial capacity, (2) that the
10 agency resolve disputed issues of fact properly before it, and (3) that the parties have an adequate
11 opportunity to litigate." Miller v. Cty. of Santa Cruz, 39 F.3d 1030, 1033 (9th Cir. 1994).
12 "California has adopted the Utah Construction standard, [therefore] we give preclusive effect to a
13 state administrative decision if the California courts would do so." Doe v. Regents of the Univ. of
14 Cal., 891 F.3d 1147, 1155 (9th Cir. 2018). If Defendants seek to make a distinct argument on
15 judicial exhaustion independent of preclusion/res judicata, they should provide argument for why
16 an alternate standard should apply.

17 There is additional confusion in that Defendants conceded the doctrine of judicial
18 exhaustion did not apply to Title VII claims in briefing on a prior motion. Doc. 9, 2:12-18. Now,
19 Defendants are seeking some form of preclusion on the remaining Title VII claims as well. Doc.
20 38, 4:11-12. Some clarification as to whether Defendants are making separate judicial exhaustion
21 and preclusion/res judicata arguments is necessary. If Defendants are asking this court to
22 reconsider its prior ruling setting out the applicable standard of law, they should make that evident
23 and provide direct briefing to support their position. Additionally, if the argument relies on
24 documents whose content can not be judicially noticed, an early summary judgment would be a
25 more appropriate motion rather than a renewed motion to dismiss.
26 / / /
27 / / /
28 / / /

### III. Order

The stay in this case is LIFTED.

Plaintiff Franklin's motion for leave to file an amended complaint is DENIED.

IT IS SO ORDERED.

Dated:   June 30, 2021                    _____
                                          SENIOR  DISTRICT  JUDGE