# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON FRANKLIN, | Case No. 1:18-cv-00824-SKO |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION** |
| v. | **(Doc. 62)** |
| CITY OF KINGSBURG, | |
| Defendant. | |
| _____/ | |

Pending before the Court is Defendant City of Kingsburg ("the City")'s motion for reconsideration of the Court's order denying its motion for judgment on the pleadings (Doc. 61), filed May 2, 2023. (Doc. 62.) The motion was taken under submission on the papers without a hearing by the then-assigned District Judge on May 4, 2023. (Doc. 65.) On June 10, 2024, the parties consented to the jurisdiction of the U.S. Magistrate Judge. (*See* Docs. 75–77.)

"Under [Fed. R. Civ. P.] 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citation omitted). Further, under this Court's Local Rules, any request to reconsider must explain "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 230(j)(3)–(4).

The party moving for reconsideration bears the burden of demonstrating the grounds for reconsideration. *See 389 Orange St. Partners*, 179 F.3d at 665. "Absent a showing of manifest injustice, the court will not disturb its prior ruling in the interest of fairness." *Advanced Steel Recovery, LLC v. X-Body Equip., Inc.*, No. 16-0148, 2020 WL 6043935, at *5 (E.D. Cal. Oct. 13, 2020).

Here, the City asserts two grounds for reconsideration of the Court's order denying its motion for judgment on the pleadings, neither of which has merit. First, it contends that the California Court of Appeal's decision in *Malear v. State*, 89 Cal. App. 5th 213 (2023), is an "intervening change in the law." (Doc. 62 at 10.) But *Malear* is not an "intervening change" in controlling law: it was decided on March 13, 2023, five weeks before the Court issued its decision on the City's motion for judgment on the pleadings on April 17, 2023 (*see* Doc. 61). *See Tucker v. S. Shore Villas Homeowners Ass'n*, No. 2:15-CV-00961-JAD-NJK, 2017 WL 810281, at *3 (D. Nev. Mar. 1, 2017) (decision not an intervening change in controlling law where it was decided before the challenged order).

Second, the City contends that the Court erred in applying *Malear* to this case. (*See* Doc. 62 at 10–18.) "A motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). During the five-week period between the deciding of *Malear* and the issuance of the Court's order, the City could have sought approval from the Court to file a sur-reply directed to the *Malear* decision. *See* E.D. Cal. L.R. 230(m). It did not do so.

Nevertheless, now that the City has addressed *Malear post hoc*, the Court finds that there is no evidence of clear error in the Court's order. *See Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) ("Clear error occurs when 'the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'") (quoting *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948)). Rather, the City has shown a mere disagreement with the Court's conclusions. Because clear error has not been demonstrated, reconsideration is not

appropriate. *See United States v. Westlands Water Dist*., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) ("A party seeking reconsideration must show more than a disagreement with the Court's decision.").

As the City has not met its burden under Fed. R. Civ. P. 59(e) and E.D. Cal. L.R. 230(j) to justify reconsideration of the Court's order denying its motion for judgment on the pleadings, the motion for reconsideration (Doc. 62) is DENIED.

IT IS SO ORDERED.

Dated:  **June 26, 2024**                    /s/ *Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE